IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chuck Sweat, #244121, ) | |
| ) | C/A No. 0:09-264-HFF-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND** |
| State of SC; Warden of Lieber Correctional ) | **RECOMMENDATION** |
| Institution, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

The petitioner, Chuck Sweat ("Sweat"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondents' motion for summary judgment. (Docket Entry 24.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondents' motion. (Docket Entry 26.) Sweat filed a response in opposition to the motion. (Docket Entry 38.) Having carefully considered the parties' submissions and the record in this case, the court finds that the respondents' motion should be granted.

## BACKGROUND

Sweat was indicted in March 1997 in Dillon County for murder (97-GS-17-0184). (App. at 594-97, Docket Entry 25-6 at 96-99.) Sweat was represented by A. Lafon Legette, Jr., Esquire, and on September 18, 1997 was tried by a jury and found guilty as charged. (App. at 567, Docket Entry 25-6 at 69.) The circuit court sentenced Sweat to life imprisonment. (App. at 577, Docket Entry 25-6 at 79.)

Sweat appealed and was represented by Joseph L. Savitz, Esquire, Deputy Chief Attorney with the South Carolina Office of Appellate Defense. On August 24, 1998, Savitz filed an Anders[1] brief and a petition to be relieved as counsel. (Docket Entry 25-8.) In addition, Sweat filed a *pro se* response to the Anders brief.[2] On November 5, 1999, the South Carolina Supreme Court dismissed Sweat's appeal. (State v. Sweat, 99-MO-076 (S.C. November 5, 1999), Docket Entry 25-9.) The remittitur was issued November 24, 1999. (Docket Entry 25-10.)

Sweat filed a *pro se* application for post-conviction relief ("PCR") on November 2, 2000. (Sweat v. State of South Carolina, 00-CP-17-368, App. at 582-92, Docket Entry 25-6 at 84-94.) The State filed a return on September 25, 2001. (App. at 598-602, Docket Entry 25-6 at 100-104.) On January 12, 2006, the PCR court held an evidentiary hearing at which Sweat was present and testified and was represented by B. Kendall Hiller, Esquire. (App. at 603-56, Docket Entry 25-6 at 105 through Docket Entry 25-7 at 41.) The PCR court denied and dismissed Sweat's PCR application with prejudice by order filed February 2, 2006. (Docket Entry 25-11.)

Sweat appealed the denial of relief and was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney of the South Carolina Commission on Indigent Defense. Carter filed a petition for a writ of certiorari in the South Carolina Supreme Court on January 31, 2007. (Docket Entry 25-12.) The State filed a return. (Docket Entry 25-13.) On January 23, 2008 the South Carolina Supreme

---

[1]Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

[2]The court is advised that the respondents have been unable to locate a copy of this document. (See Docket Entry 25 at 11 n.3.)

Court issued a letter order denying Sweat's petition. (Docket Entry 25-14.) The remittitur was issued on February 8, 2008. (Docket Entry 25-15.)

## FEDERAL HABEAS ISSUE

Sweat filed his federal petition for a writ of habeas corpus on January 28, 2009, which raises the following issue:

> **Ground One:** Ineffective Assistance of trial Counsel.
> **Supporting Facts:** (1) Trial Counsel erred in failing to investigate into the autopsy report in order to learn Whether drugs and/or alcohol had been in the deceased's blood/urine. (2) Trial Counsel erred in failing to assess and weigh the prejudice of the jury hearing petitioner's prior record If he testified against advising him that his testimony Was in order to support the self-defense claim. (3) Trial Counsel erred in failing to investigate into and develop further the issue of prior difficulties between petitioner and the deceased and the deceased and others.

(Pet., Docket Entry 1 at 5) (errors in original).

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."
Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondents argue that Sweat's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Sweat filed a direct appeal with the South Carolina Supreme Court, his conviction became final ninety days after November 5, 1999, the

date the South Carolina Supreme Court dismissed the appeal.³ Thus, his conviction became final on February 3, 2000. Accordingly, the limitations period began to run on February 4, 2000 and expired on February 5, 2001,⁴ unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year); Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitations period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Sweat filed a state PCR application on November 2, 2000. At that point, 273 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until no later than February 8, 2008, when the South Carolina Supreme Court issued the remittitur from its order denying Sweat's petition for a writ of

---

³Because Sweat sought certiorari from the South Carolina Supreme Court, he is entitled to an additional tolled time period in which to seek certiorari review from the United States Supreme Court. See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008) (holding that because the petitioner did not seek certiorari in the South Carolina Supreme Court, "he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court"); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the *decision* or *judgment* of a state court of last resort).

⁴February 3, 2001 was a Saturday; therefore, Sweat had until the following Monday, February 5, 2001, to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

certiorari. At this time, Sweat had 92 days of statutory time remaining, which means that Sweat had until May 12, 2008[5] to file his federal habeas petition.

Sweat's federal Petition was filed on January 28, 2009. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of the filing date of the federal Petition, approximately 355 days of non-tolled time had run from the dismissal of Sweat's PCR application. Adding the 273 days that accrued between the date his conviction became final and the filing of his PCR application results in approximately 628 days of non-tolled time. Accordingly, Sweat filed his federal habeas application over eight months (263 days) after the expiration of the one-year limitations period under § 2244(d)(1)(A).

C.   **Sweat's Arguments**

   1.   **Timeliness**

In his response to the respondents' argument that his federal Petition was untimely filed, Sweat admits that his Petition was untimely but argues that he is entitled to equitable tolling. To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Sweat must show that the one-year limitations period should be equitably tolled under applicable federal law. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (concluding that § 2244(d) is subject to the principles of equitable tolling). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)

---

[5]May 10, 2008 was a Saturday; therefore, Sweat had until the following Monday, May 12, 2008, to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

(citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Sweat alleges that he is entitled to equitable tolling due to the fact that "the unit he was housed in was on Full lock-down for several months; and due to the fact that he was traveling back and forth in Transit to Columbia on medical runs; Petitioner has a prost[h]etic limb and had to have orthopedic shoes." (Docket Entry 38 at 4; see also Docket Entry 1 at 13.) Sweat further appears to allege that he has been denied access to the law library and legal mail and points out that he has a handicap. (Docket Entry 38 at 4.) Sweat's arguments do not constitute the type of extraordinary circumstances justifying equitable tolling. See Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (stating that limited access to a law library is not grounds for equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (recognizing that the lack of access to library materials does not automatically qualify as grounds for equitable tolling); Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (observing that prison conditions, such as lockdowns or misplacement of legal papers, are not normally grounds for equitable tolling) (citing Akins v. United States, 204 F.3d 1086 (11th Cir. 2000)); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary

circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original). Moreover, Sweat's Petition was filed over eight months after the expiration of the statutory deadline and over eleven months after the conclusion of his PCR proceedings. There is no indication that he has been pursuing his rights diligently. See Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."); Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court).

**2. Other Issues**

In his Petition, Sweat contends that he is entitled to a writ of habeas corpus, alleging that trial counsel was ineffective in failing to (1) investigate the victim's autopsy report to determine whether drugs or alcohol were present in the victim's blood, (2) weigh the prejudice of Sweat's prior record against his testimony, and (3) investigate and develop the prior difficulties between Sweat and the victim. (Pet., Docket Entry 1 at 5.) The PCR court considered these claims and determined that Sweat failed to demonstrate that trial counsel was deficient in any way. (Docket Entry 25-11.)

Even if Sweat's Petition were timely filed, the court has reviewed the submissions of the parties and finds that Sweat has not presented any ground warranting federal habeas relief. This conclusion is based on the following authorities: Strickland v. Washington, 466 U.S. 668, 687 (1984) (enunciating a two-prong test to demonstrate ineffective assistance of counsel, which requires that a petitioner demonstrate that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result); Williams v. Taylor, 529 U.S. 362, 410 (2000) (stating that it is not enough that state court misapplied clearly established federal law, but it also must be unreasonable);

Yarbrough v. Johnson, 520 F.3d 329, 335 (4th Cir. 2008) (citing 28 U.S.C. § 2254(d), (e)) ("In considering this claim again on a petition under 28 U.S.C. § 2254, a federal court owes considerable deference to the judgment entered in the state court proceeding."); Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) ("Under the first prong of Strickland, we apply a 'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.' ") (quoting Strickland, 466 U.S. at 689).

## RECOMMENDATION

Based upon the foregoing, the court finds that Sweat's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 24) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 8, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).